JS 44
(Rev. 12/96)

# CIVIL COVER SHEET B-00-178

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Dennis Zamarron
Joe Rubio, Jr.

**DEFENDANTS**
City of Harlingen, Texas
County of Cameron

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Cameron
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Law Office Jerry J. Trevino
1125 S. Port   361-882-5605
Corpus Christi, Texas 78405

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government -Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. 1983 Due Process violations regarding employment rights and proper and State Whistleblower Act (Texas Government Code 554.003)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
**DEMAND $** Unlimited
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE
DOCKET NUMBER

DATE 11-20-00
SIGNATURE OF ATTORNEY OF RECORD  Jerry J. Trevino

FOR OFFICE USE ONLY

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG JUDGE ____

United States District Court
Southern District of Texas
FILED

NOV 20 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DENNIS ZAMARRON AND | § | |
| JOE RUBIO, JR. | § | |
| | § | B-00-178 |
| VS. | § | CIVIAL ACTION NO. _____ |
| | § | |
| CITY OF HARLINGEN, TEXAS AND | § | |
| COUNTY OF CAMERON | § | JURY DEMAND |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DENNIS ZAMARRON AND JOE RUBIO, JR., Plaintiffs, complaining against CITY OF HARLINGEN, TEXAS and COUNTY OF CAMERON, TEXAS, hereinafter Defendants and for cause of action would respectfully show this Honorable Court the following:

I.

Parties

1.     Plaintiff DENNIS ZAMARRON, is, and at all times relevant was, a citizen of the State of Texas residing in Cameron County, Texas, and was also employed as a police officer for the City of Harlingen Police Department.

2.     Plaintiff JOE RUBIO, JR., is, and at all times relevant was, a citizen of the State of Texas residing in Cameron County, Texas, and is employed as a police officer for the City of Harlingen Police Department.

3.     Defendant CITY OF HARLINGEN, TEXAS is a municipality and a political subdivision of the State of Texas, located within the boundaries of the Brownsville Division of the United States District Court for the southern District of Texas. It may be served with process

Plaintiffs' Original Complaint         1

by serving its secretary, Ms. Sylvia Trevino, at 118 E. Tyler Street, Harlingen, Cameron County, Texas 78550, pursuant to Federal Rule of Civil Procedure 4(j)(2). It is Defendant City of Harlingen's responsibility and duty to promulgate and implement policies and procedures, including, but not limited to, adopting municipal civil service laws in order to secure efficient fire and police departments composed of capable personnel who are free from political influence and have permanent employment tenure as public servants. It is the responsibility of the Defendant City of Harlingen, Texas' to hire, fire, discipline, train, and supervise police officers of the Harlingen Police Department, pursuant to the Municipal Civil Service Laws.

4.  Defendant County of Cameron, Texas is a political subdivision of the State of Texas, located within the Brownsville Division of the United States District for the Southern District of Texas. It may be served with process by serving its County Judge, Gilberto Hinojosa, at 964 E. Harrison Street, Brownsville, Cameron County, Texas 78586, pursuant to Federal Rule of Civil Procedure 4(j)(2). It is one of Defendant County of Cameron's duties and responsibilities to prosecute all crimes and violations allegedly committed within its county jurisdiction.

II.

Jurisdiction and Venue

5.  Jurisdiction is conferred on this Honorable Court by 28 U.S.C. §1331 and §1343(a)(3)42, to redress the deprivation of Plaintiffs' rights, privileges, and immunities pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988. Federal question jurisdiction is conferred on this Court because this action arises to redress violations by the Defendants of Plaintiffs' rights under the Constitution and laws of the United States. This Honorable Court has pendant jurisdiction over all claims asserted under the laws of the State of Texas pursuant to 28 U.S.C. §1367(a).

6.     Venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division pursuant to 28 U.S.C. §1391(b) because this is the judicial district of the Defendants political subdivisions and where a substantial part of the events or omissions giving rise to the claim occurred.

### III.

### Preliminary Statement

7.     Plaintiff Dennis Zamarron is a former police officer of the City of Harlingen, Texas and Plaintiff Joe Rubio, Jr. is a police officer of the City of Harlingen, Texas, a political subdivision that is subject to the Municipal Civil Service Law as mandated by V.T.C.A. Local Government Code Chapter 143.  Plaintiffs Dennis Zamarron and Joe Rubio, Jr., as police officers, were subjected to disciplinary action by termination of their employment by the Defendants, in violation of rights guaranteed to them by the Fourteenth Amendment to the United States Constitution and the Municipal Civil Service Law of the State of Texas.  Plaintiffs bring this action pursuant to 42 U.S.C. §1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities including their due process rights secured by the Constitution and laws.  Plaintiffs Dennis Zamarron and Joe Rubio, Jr., both public employees, were also subjected to retaliation by Defendants by their termination of employment for Plaintiffs' acts of reporting to appropriate law enforcement authorities, in good faith, a violation of the law by the Defendant City of Harlingen, a governmental entity.  Said act or retaliation by Defendant City of Harlingen, Texas is prohibited by the Whistle Blower Act.  V.T.C.A. Government Code Chapter 554.

<u>Plaintiffs' Original Complaint</u>                              3

8. Plaintiffs seek compensatory damages and reasonable attorney fees as authorized by 42 U.S. 1988, and also seek all of the damages and relief that they are entitled to as public employees pursuant to V.T.C.A. Government Code Chapter 554.

IV.

Facts

9. On July 7, 1998, Ernest Moore, son of Ralph D. Moore, a Harlingen Police Department Officer, proceeded to a home in Rio Hondo, Texas in search of his ex-girlfriend. While at the residence Ernest Moore pointed a high caliber assault rifle (AK-47) at Donald Morin and demanded entrance to the home. Ernest Moore grabbed his girl friend Julie Cox by her arm and started pulling her out of the house. In the mist of a confrontation because of his presence and his attempt to physically remove his ex-girlfriend from the home, Ernest Moore shot and killed Margarita Flores and her daughter Delia Morin using an AK 47 assault rifle. In the attempt to arrest Ernest Moore after the Rio Hondo murders, police officers from various state and federal agencies confronted him at his house and as a result two Federal Border Patrol Officers were killed by Ernest Moore using an AR-15 assault rifle and subsequently Ernest Moore was killed by police officers. Ralph D. Moore, a police officer and detective for the City of Harlingen Police Department had previously, and wrongfully taken possession and control of both assault weapons described above belonging to and in the custody of the City of Harlingen Police Department. Ralph D. Moore used and stored the assault rifles in a gun safe located in Ernest Moore's room and made them easily accessible to Ernest Moore, who lived with Ralph D. Moore. Ralph D. Moore acquired possession of the assault rifles through the efforts of other police officers with the police department, all who were acting under the color of state law during the receipt, possession, custody, and transfer of custody of the assault rifle. Defendant

Plaintiffs' Original Complaint                    4

City of Harlingen allowed Ralph D. Moore to keep and store at his home the assault rifles as a service weapon, although Defendant Moore was not required to have possession of said rifles, and further, was not trained, qualified, or proficient in the use of said weapon.

10. These omissions failed to meet existing minimum statewide proficiency standards for this type of weapon, which had been published in 1998 in section 211.104 of the Administrative Rules of the Texas Commission on Law Enforcement Standards and Education.

V.

11. That subsequent to the above-described murders a thorough investigation was initiated by law enforcement authorities regarding the murder and use of the alleged weapons belonging to a police official and/or the City of Harlingen Police Department.

12. That Plaintiffs, as police officers of the City of Harlingen, were cognizant of the fact that Defendant City of Harlingen was by through its agents, fabricating and falsifying information to the media and investigators to justify the possession of the alleged assault rifles in Ralph D. Moore's home and representing to the general public, including the investigators, that no violation of any laws, rules or regulations of the Defendant City of Harlingen and its police department had occurred regarding the weapons that were used in the murders of four individuals, including two federal officers.

VI.

13. That Plaintiffs, as public employees and as their duties as police officers of the Defendant City of Harlingen subsequently contacted officers of the Federal Bureau of Investigation as appropriate law enforcement authority, who was involved with the investigation of the two Federal Officers. The Plaintiffs in good faith reported a violation of the law,

including but not limited to, a cover up by the Defendant City of Harlingen and its agents regarding the possession, use, and transfer of the assault rifle used in the murders.

14. That Plaintiffs allege that at all times relevant, they were employees of the Defendant Harlingen Police Department and their status as public employees was protected under the Municipal Civil Service Law that had been adopted by the Defendant City of Harlingen.

15. That both Plaintiffs also were actively involved as officers and members of the Harlingen Police Officers Association, a non-profit corporation organized to improve the quality of police protection within the municipality served by its members, the working conditions and the public relations between the municipality's police department and its citizens.

16. That on or about February 12, 1999, a sworn complaint with the Texas Ethics Commission was filed against Harlingen Police Officers Association and some of its members, including Plaintiffs, alleging that they made prohibited corporate contribution in April and March of 1998 to a candidate for mayor of the City of Harlingen. On October 29, 1999, the Texas Ethics Commission by its finding and conclusions only imposed a $300.00 civil penalty for the prohibited contribution.

17. That on or about January 2000, the Defendant County of Cameron, acting by and through its District Attorney initiated an investigation of the above prohibited contribution and directed primarily its investigation to three police officers including the Plaintiffs Dennis Zamarron and Joe Rubio, Jr.

18. That on April 19, 2000, the Defendant City of Harlingen and its police department closed the matter against both Plaintiffs, both civil service employees, because the 180 day period provided by Municipal Civil Service Law had expired, therefore, the Defendant City of

Plaintiffs' Original Complaint                                6

Harlingen could not legally discipline the Plaintiffs for the alleged election law violations, because of the protection provided them by the mandated law.

19.     That on September 13, 2000, the Defendant County of Cameron, by and through its District Attorney indicted the Harlingen Police Officers Association, alleging in a two count indictment a violation of the Texas Election Code because of the prohibited political contributions made by three of its officers, including both Plaintiffs.

20.     That on September 20, 2000, the Defendant County of Cameron, acting by and through its District Attorney, compelled the Harlingen Police Officers Association to appear and enter a plea of guilty in Cause No. 00-CR-993-C in the 197th Judicial District Court of Cameron County, Texas.

21.     The Harlingen Police Officers Association was assessed a fine of $3,000 and court costs, and as part of the plea and criminal judgment, the unindicted Plaintiffs Dennis Zamarron and Joe Rubio, Jr. were compelled by the Defendant County of Cameron to resign and terminated their employment rights with the Defendant City of Harlingen Police Department as part of the plea of guilty.

VII.

Federal Claims

22.     Defendants County of Cameron and City of Harlingen at all times relevant time through their agents, servants and employees, including, but not limited to the Co-Defendants, intentionally, deliberately and without conscious indifference to the entitlement protected property interest of public employment of Plaintiffs, adopted and maintained practices, procedures and policies that allegedly violated the due process rights secured by the

constitutional laws of the United States, and the alleged deprivation of Plaintiffs' rights was committed by persons acting on behalf of the Defendants under color of state law.

23. Plaintiffs allege that the Harlingen Police Officers Association, as a criminal defendant, should have been the only party to the proceeding initiated by Defendant County of Cameron, and the only party subjected to the punishment as provided by state law. The Plaintiffs Dennis Zamarron and Joe Rubio, Jr. allege that they were not indicted Defendants or Co-Defendants of the non-profit corporation, but only agents mention in the indictment, therefore, should not have been subjected to any of the criminal proceedings or the punishment assessed pursuant to the indictment by Defendant County of Cameron. Plaintiffs also allege that because the individual police officers had their employment rights as civil service employees of a municipality affected and considered as part of the non-profit association plea of guilty, that such action on behalf of Defendant County of Cameron and Defendant City of Harlingen constituted a denial of their due process rights, deprivation of their property employment rights and in violation of the provisions of the United States Constitution, Texas Constitution, and Texas Code of Criminal Procedure.

VIII.

24. Plaintiffs allege that the plea bargain agreement entered into between the Defendant Cameron County and non-profit corporation constituted a severe violation of the Plaintiffs' due process rights under the laws because it compelled the individual Plaintiff police officers by threats of indictment on the part of Defendant County of Cameron to be punished and give up their employment rights and their defenses available to them under state law as protected civil service public employees of the Defendant City of Harlingen. More importantly, Plaintiffs allege that such act on the part of both Defendants, knowing that the court had no criminal

jurisdiction of the Plaintiffs as individual officers or subject to disciplinary under municipal laws included by disguise an illegal provision regarding their forfeiture and waiver of their employment rights that they had acquired for over twenty (20) years with Defendant City of Harlingen, and therefore such inclusion constituted a denial of the Plaintiffs rights of due process as provided by the U.S. Constitution.

IX.

25. Plaintiffs allege that the Defendant County of Cameron's acts, by and through its District Attorney, of indicting the corporate non-profit association and subsequently prosecuting by punishing the individual officers who were protected from all disciplinary actions from their employment for the same acts by the Civil Service Law, constituted not only an act of denial of due process but also retaliation, prosecutorial vindictiveness, and selective prosecution, and it is alleged that such action was adopted by the Defendant City of Harlingen by acquiescence and ratification in order to circumvent the mandated municipal civil service protection, and more importantly to punish them for reporting a violation of law and also to mitigate the exposure of civil liability and damages regarding the pending multiplicity of law suits filed against the Defendant City of Harlingen for the wrongful deaths of the alleged murders.

26. Defendant County of Cameron and City of Harlingen's actions of terminating Plaintiffs property rights of employment violated Plaintiffs Fourteenth Amendment due process right to the United States Constitution for which redress is provided pursuant to 42 U.S.C. 1983.

X.

### State Claim Acts Against City of Harlingen
### (Whistle Blower Act)

27. Plaintiffs allege that at all times relevant to this cause of action, that they as police officers with experience in excess of twenty (20) years were protected by the Municipal Civil

Service Law, and had acquired as a result of their employment, a protected property interest which said entitlement could not be deprived without due process of law.

28. Further, Plaintiffs as public employees of the City of Harlingen had protection under V.T.C.A. Chapter 554, (Whistle Blower Act) from retaliation by local a governmental entity for reporting in good faith a violation of law.

29. Plaintiffs allege that because of their reporting in good faith to the Federal Bureau of Investigation of the violations of laws on the part of Defendant City of Harlingen, regarding the circumstances of assault weapons used in the murders, that the Defendant City of Harlingen retaliated against the Plaintiffs for such reporting and had their protected employment status terminated by and through the efforts of Defendant County of Cameron's criminal indictment against the Harlingen Police Officers Association in that they were compelled to resign and terminated their employment by Co-Defendant County of Cameron's threats of indictment for allegedly violating the election law. Plaintiffs further allege that their status as civil service employees of the City of Harlingen was protected because said allegations could not be used by Defendant City of Harlingen to discipline, or terminate the Plaintiffs' employment because of the protection provided them under the Municipal Civil Service Law. (V.T.C.A. Local Government Code Chapter 143).

30. Plaintiffs allege that as a result of the retaliation acts on the part of Defendant City of Harlingen, that they have lost their employment as career police officers and seek to recover all of their actual damages, attorney fees, court costs and all other benefits due them as employees for the Defendant City of Harlingen Police Department, and as a proximate result of Defendant City of Harlingen violating the mandated laws of the State of Texas.

## XI.

## Notice

31. Prior to the filing of this suit, the Plaintiffs presented to the Defendant City of Harlingen notice pursuant to the grievance procedure available to them as terminated public employees. Plaintiffs also allege that even though the Defendant City of Harlingen refused to act or entertain their request that the Defendant City of Harlingen has acquired full, complete and actual knowledge of this complaint by its circumventing the protection provided Plaintiffs under the Municipal Service Law, which said act, has given rise to Plaintiffs' cause of action under both 42 U.S.C. 1983 and Texas Government Code Chapter 554.

## XII.

## Damages

32. Defendants County of Cameron and City of Harlingen's acts and omissions, as set out above, are the proximate cause of Plaintiffs Dennis Zamarron and Joe Rubio, Jr.'s damages, including, but not limited to, the loss of their employment and careers as police officers for which they seek all damages as provided by both federal and state law.

## XIII.

## Exemplary Damages

33. The acts of both Defendants described above of discharging and terminating Plaintiffs' employment was a denial of due process, done in a harsh, oppressive and malicious nature, in that Defendants knew of the protection provided by state law to public employees, but engaged in a practice to criminally prosecute Plaintiffs without jurisdiction and also terminated their employment. Plaintiffs allege that Defendants engaged in a conduct of conscious indifference to the due process and property rights of others, and acted with intent only to harm

Plaintiffs. Plaintiffs seek exemplary damages in such an amount as may be found to be proper under the facts and circumstances.

## XIV.

### Jury Demand

34.  Plaintiffs assert their rights under U.S. Const. Amend. 7 and demand a trial by jury on all issues, in accordance with Federal Rule of Civil Procedure 38.

## XV.

### Prayer

35.  WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that upon final trial Plaintiffs have and recover from each of the Defendants herein the following relief:

1.  Judgment against each and all of the Defendants both jointly and severally for actual and compensatory and special damages sustained by Plaintiffs herein;

2.  Judgment for all damages as provided by 42 U.S.C. 1983 and 1988;

3.  Judgment for all damages as provided by Texas Government Code Section 554.003;

4.  Prejudgment interest at the highest legal rate;

5.  Post judgment interest at the highest legal rate;

6.  Attorney's fees;

7.  All cost of court herein expended;

8. Such other and further relief to which Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

LAW OFFICE OF JERRY J. TREVINO
1125 South Port Avenue
Corpus Christi, Texas 78405
Telephone: 361/882-5605
Telecopier: 361/882-8355

By: _____
Jerry J. Trevino
State Bar No. 20211228
Federal I.D. No. 15031

**Counsel for Plaintiffs**

Plaintiffs' Original Complaint            13