IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 29 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DENNIS ZAMARRON AND ) | |
| JOE RUBIO, JR. ) | |
| ) | |
| VS. ) | |
| ) | CIVIL ACTION NO. B-00-178 |
| ) | MOTION TO DIMISS |
| CITY OF HARLINGEN, TEXAS AND ) | |
| COUNTY OF CAMERON ) | |

**DEFENDANT, CAMERON COUNTY'S MOTION TO
DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, CAMERON COUNTY, in this case and moves the court to dismiss Plaintiff's Original Complaint and in support would show this Court the following:

1. **Prosecutor Acts on Behalf of the State not the County.** In order to succeed against Cameron County in a Section 1983 case, plaintiffs must show some deprivation of their constitutional rights resulting from some official policy, practice or procedure. A prosecutor acting within her/his prosecutorial capacity acts on behalf of the State of Texas. When acting within her/his prosecutorial capacity, a prosecutor acts independently of the county. Prosecutorial duties include, presentation of case before the Grand Jury, plea-bargaining, trial, pleas, and post-conviction proceedings. When acting within the scope of her/his prosecutorial function during a criminal proceeding a prosecutor is not a policy

maker for the county. The county is not liable under Section 1983 when a prosecutor institutes a criminal proceeding to enforce state law.

2. **Failure to State a Claim Upon Which Relief can be Granted.** Plaintiffs' complaint fails to state a claim on which relief can be granted because the complaint fails to plead or present any evidence whatsoever under Section 1983, that the criminal sentence of which they complain was invalidated by reversal on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

3. **Failure to Exhaust State Remedies.** Plaintiffs have failed to exhaust their state administrative and appellate remedies in that they failed to seek redress administratively from Cameron County by filing a claim for damages in a timely manner or at all. Plaintiffs fail to make any allegation of notice in their complaint as it pertains to Cameron County. Plaintiffs have filed a Notice of Appeal on December 20, 2000 in Cause No. 2000-CR-993-C; The State of Texas v. The Harlingen Police Officers Association and are apparently in the process of seeking appellate review. Plaintiffs' remedy for allegedly being compelled to a plea agreement, even after consulting with counsel, lies in state appellate court, said remedy is apparently actively being pursued by plaintiffs.

4. **Waiver.** On or about September 21, 2000, with the advise and consent of counsel, plaintiff Dennis Zamarron signed a Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Nolo Contendere on behalf of and as a Representative of defendant The Harlingen Police Officers

2

Association, a Corporation in Criminal Cause Number 2000-CR-993-C. Plaintiff Joe Rubio was present and agreed under oath to the plea bargain. Both plaintiffs agree to resign as City of Harlingen police officers as part of the plea bargain. Consequently, plaintiffs waived their rights to any claims based on the criminal case that they allege in the complaint now before this Court.

## SUPPORTING MEMORANDUM

5.  **Prosecutor Acts on Behalf of the State not the County.** In order to succeed against Cameron County in a Section 1983 case, plaintiffs must show some deprivation of their constitutional rights resulting from some official policy, practice or procedure. *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611 (1978). A prosecutor acting within her/his prosecutorial capacity acts on behalf of the State of Texas. *Texas Code Crim. Proc. Ann. Art. 2.01* (Vernon 1980 & Supp. 2000); *Texas Const. Art. V. Sec. 21* (Vernon 1993 & Supp. 2000). A prosecutor acts independently of the county, when acting within her/his prosecutorial capacity. Prosecutorial duties include, presentation of case before the Grand Jury, plea-bargaining, trial, pleas, and post-conviction proceedings. *Imbler v. Patchman,* 424 U.S. 409, 430-43, 96 S.Ct. 984, 47 L.Ed.2d. 128, 137 (1976). The decision to prosecute lies at the core of the prosecutorial function. *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984). A prosecutor is a state official when instituting criminal proceedings to enforce state law. *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990); *Esteves v.*

3

*Brock*, 106 F.3d 674 (5th Cir. Feb.1997) *reh. denied en banc* 114 F.3d 1185 (April 1997) *cert. denied* 522 U.S. 828, 118 S.Ct. 91 (Oct. 1997). When acting within the scope of her/his prosecutorial function during a criminal proceeding a prosecutor is not a policy maker for the county. *Krueger v. Reimer*, 66 F. 3d 75 (5th Cir. 1995); *See Esteves supra*. Since the actions of a prosecutor in instituting criminal proceedings constitute state action and not county policy the county cannot be held liable for said actions in a Section 1983 action. *See Krueger and Esteves supra.*

6. **Failure to State a Claim Upon Which Relief can be Granted.** Plaintiff's complaint fails to state a claim on which relief can be granted because Plaintiff's Original Complaint fails to plead or present any evidence whatsoever under Section 1983, that the criminal sentence of which they complain was invalidated by reversal on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U. S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383, 394 (1994).

7. **Failure to Exhaust State Remedies.** Plaintiffs have failed to exhaust their state administrative and appellate remedies in that they failed to seek redress administratively from Cameron County by filing a claim for damages in a timely manner or at all. Plaintiffs fail to make any allegation of notice in their complaint as it pertains to Cameron County. Plaintiffs have filed a Notice of Appeal on December 20, 2000 in Cause No. 2000-CR-993-C; The State of Texas v. The Harlingen Police Officers Association and are apparently in the process of seeking

appellate review. Plaintiffs' remedy for allegedly being compelled to a plea agreement, even after consulting with counsel, lies in state appellate court, said remedy is apparently actively being pursued by plaintiffs. *Tarter v. Hury*, 646 F. 2d 1010, 1012 (5th Cir. 1981)

8. **Waiver.** On or about September 21, 2000, with the advise and consent of counsel, plaintiff Dennis Zamarron signed a Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Nolo Contendere on behalf of and as a Representative of defendant The Harlingen Police Officers Association, a Corporation in Criminal Cause Number 2000-CR-993-C. Plaintiff Joe Rubio was present and agreed under oath to the plea bargain. Both plaintiffs agree to resign as City of Harlingen police officers as part of the plea bargain. Consequently, plaintiffs waived their rights to any claims based on the criminal case that they allege in the complaint now before this Court.

Wherefore, Defendant Cameron County respectfully requests:

That this Defendant's motion to dismiss Plaintiffs' complaint be granted;

That Plaintiffs take nothing from Defendant on Plaintiffs' claim;

That Defendant be awarded costs and reasonable attorney's fees herein;

That the court grant Defendant such other and further relief as the court may deem proper.

5

Respectfully submitted,

YOLANDA DE LEÓN
COUNTY (CRIMINAL DISTRICT) ATTORNEY

Cameron County Courthouse
974 E. Harrison Street Brownsville, Texas 78520
Phone: 956-544-0849
Fax No.: 956-544-0869

BY: _____
Francisco J. Martinez
Assistant County Attorney
Texas State Bar No. 13141900
Federal Admission No.: 17477

ATTORNEY FOR CAMERON COUNTY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above motion, and proposed order has been served on all counsel of record by forwarding a copy of same according to the rules.

_____
Francisco J. Martinez

6

# AFFIDAVIT

THE STATE OF TEXAS            )

COUNTY OF CAMERON          )

    BEFORE ME, the undersigned, on this day personally appeared Francisco J. Martinez, known to me to be the same person whose name is subscribed below, who after being duly sworn, deposes and says:

    "My name is Francisco J. Martinez, I am capable of making this affidavit. I have read the foregoing document and hereby certify that it is correct to the best of my knowledge."

    _____
    AFFIANT

    SUBSCRIBED AND SWORN TO BEFORE ME by the said Francisco J. Martinez on this 29TH day of December ___, 2000, to certify which witness my hand and seal of office.

DIANA S. GARCIA
NOTARY PUBLIC
State of Texas
Comm. Exp. 02/14/01

Notary Public in and for the State of Texas
Printed Name: Diana S. Garcia

My Commission Expires: 02/14/01

7