10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 1 4 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Zamarron, et al., | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. B-00-178 |
| City of Harlingen, Tex. et al., | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on March 9, 2001 the Court **GRANTED** the Defendant Cameron County's Motion to Dismiss Plaintiffs' Original Complaint [Dkt. No. 6], **GRANTED IN PART** and declared **MOOT IN PART** the Defendant City of Harlingen's 12(b)(6) Motion to Dismiss [Dkt. No. 3], and declared **MOOT** the Defendant Cameron County's Motion for Continuance [Dkt. No. 9] of the initial pretrial conference set for April 16, 2001. The City of Harlingen's motion to dismiss the Plaintiffs' Texas Whistleblower Act cause of action is moot because the Court found *sua sponte* that it did not have subject matter jurisdiction over that claim.

I. **Summary of the allegations made in the Plaintiffs' complaint**

The Plaintiffs, Dennis Zamarron and Joe Rubio, Jr., are former City of Harlingen ("the City") police officers and members of the Harlingen Police Officers Association ("the Association") who allege that they were improperly compelled to resign from their positions as part of a criminal plea bargain. The Plaintiffs assert that Cameron County ("the County"), through its District Attorney, compelled them to resign under threat of indictment and the City ratified the County's decision in order to circumvent state laws governing the discipline and termination of civil servants and in retaliation for reporting the City's violation of state law to the Federal Bureau of Investigation.

1

The Plaintiffs allege that the City of Harlingen police department concealed violations of law during an investigation that followed several murders committed on July 7, 1998 and that they reported the cover-up to the Federal Bureau of Investigation. Subsequently, on February 12, 1999, a sworn complaint was filed against the Association and the Plaintiffs, as officers of the Association, alleging that they made illegal campaign contributions in April and March of 1998. On October 29, 1999, the Texas Ethics Commission imposed a civil penalty for the prohibited contributions. Thereafter, the County District Attorney's Office and the City police department initiated an investigation into the same campaign contributions. The City closed its investigation of the Plaintiffs on April 19, 2000 because the 180 day period allowed for such investigations in the Texas Municipal Service Law had expired. The County, however, continued its investigation and ultimately indicted the Association for violating the Texas Election Code, in part, because of campaign contributions made by the Plaintiffs. While the Plaintiffs were mentioned in the indictment as agents of the Association, only the Association was indicted. On September 20, 2000, the Association entered a plea of guilty, and as part of the plea and criminal judgment, the unindicted Plaintiffs were compelled to resign from their employment as police officers. The Plaintiffs alleged that they resigned because the County threatened them with indictment.

The Plaintiffs allege that both the County and the City violated their Fourteenth Amendment procedural due process and equal protection rights under 42 U.S.C. § 1983. The complaint also alleges in a section entitled "Federal Claims" that the Defendants violated the Plaintiffs' rights under the Texas Constitution, the Code of Criminal Procedure and Municipal Service Law [Dkt. No. 1, Section VII]. Furthermore, the Plaintiffs allege that the City violated their rights under the Texas Whistleblower Act because it retaliated against them for reporting violations of law to the Federal Bureau of Investigation.

II. **Standard for ruling on a motion to dismiss**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must accept all well-pleaded facts as true, and construe them in favor of the plaintiff. See Conley v. Gibson, 335 U.S. 41, 45-46 (1957); Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir.1999); Brown v. Nationsbank

2

Corp., 188 F.3d 579, 585 (5th Cir.1999); Indest v. Freeman Decorating, Inc., 164 F.3d 258, 261 (5th Cir.1999); Petta v. Rivera, 143 F.3d 895, 897 (5th Cir. 1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The plaintiff is only required to plead sufficient information to outline the elements of his or her cause of action or to permit reasonable inferences to be drawn that these elements exist. See General Star Indemnity, Co. v. Vesta Fire Ins., Corp., 173 F.3d 946, 950 (5th Cir. 1999); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994). See also 5 C. WRIGHT & C. MILLER, FEDERAL PRACTICE & PROCEDURE § 1216 (2d ed.1990). A court may only look beyond the four corners of the plaintiff's pleadings to consider matters of public record. See Davis v. Bayless, 70 F.3d 367, 372 n. 3 (5th Cir.1995); Cinel v. Connick, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994); see also 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1357. The Supreme Court has stated, and the Fifth Circuit has repeatedly cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Walker v. South Bell Central, 904 F.2d 275, 276 (5th Cir. 1990) (citing Conley, 355 U.S. at 45-46.). See Davis v. Monroe County Brd. of Education, 526 U.S. 629, 654 (1999); Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000); Tuchman, 14 F.3d at 1067; Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 926 (5th Cir. 1988). Ambiguities or doubts regarding the sufficiency of the claim must be resolved in favor of the plaintiff in order "to do substantial justice." Fed R. Civ. Pr. 8(f). See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

While the law disfavors motions to dismiss for failure to state a claim, there are of course situations in which a complaint should and must be dismissed. See Mahone, 836 F.2d at 926; Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986). "The court is not required to 'conjure up unpled allegations or construe elaborately arcane scripts to' save a complaint." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir.1995) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)). The Court cannot allow a complaint to survive if it only alleges legal conclusions or is devoid of factual allegations. See Fernandez-Montes, 987 F.2d at 284; Walker, 904 F.2d at 277. In

3

addition, if the face of the complaint demonstrates that the plaintiff's claim is barred by an affirmative defense, or if no reasonable inference can be made on an element, the plaintiff cannot proceed. See Blackburn v. City of Marshall, Tex., 42 F.3d 925, 931 (5th Cir. 1995).

III. **Defendant Cameron County's Motion to Dismiss Plaintiffs' Original Complaint**

Cameron County argues that the Plaintiffs' complaint should be dismissed because all of the Plaintiffs' claims are premised on prosecutorial acts of the County District Attorney, and the District Attorney represents the State of Texas, not the County, when acting in her prosecutorial capacity. The Plaintiffs have not filed a response to the County's motion to dismiss. The Court finds that the County's arguments have merit and that the Plaintiffs' causes of action against the County should be dismissed.

Cameron County correctly argues that it cannot be held liable because the Plaintiffs' allegations involve prosecutorial acts of the County District Attorney [Dkt. No. 1, ¶ 17, 19-21]. The Plaintiffs allege that the County "acting by and through its District Attorney" initiated the investigation into the Plaintiff's political contributions, indicted the Harlingen Police Officers Association, and then entered into a plea bargain with the Plaintiffs. When a District Attorney acts in her prosecutorial capacity she represents the State of Texas, and not the County where she is employed. Texas Code of Criminal Procedure Article 2.01 provides that "[e]ach district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely." "Given that a district attorney represents the state in criminal prosecutions, the county, which has no affirmative control over the prosecutor's decisions in a particular case, should not be held liable when a prosecutor engages in unconstitutional conduct during a criminal proceeding." Esteves v. Brock, 106 F.3d 674, 678 (5th Cir. 1997). See Krueger v. Reimer, 66 F.3d 75, 76 (5th Cir. 1995); Echols v. Parker, 909 F.2d 795, 800 (5th Cir. 1990); McGruder v. Necaise, 733 F.2d 1146, 1147 (5th Cir. 1984). Therefore, the County cannot be held liable for a violation of state or federal law, if any, under the facts pled by the Plaintiffs.

4

IV. **Defendant City of Harlingen's 12(b)(6) Motion to Dismiss**

The City of Harlingen contends that the Plaintiffs cannot state a cause of action under 42 U.S.C. § 1983, because their allegations question the validity of a criminal sentence, and that sentence has not been reversed on appeal, expunged, or called into question through a writ of habeas corpus. Additionally, the City argues that the Plaintiffs' state law whistleblower claim must be dismissed because the Plaintiffs allege that the County District Attorney, and not the City, forced them to resign through the criminal plea and conviction. The Plaintiffs have not responded to the City's motion to dismiss. The Court finds that Plaintiffs' complaint does not state a claim under 42 U.S.C. § 1983 and that it does not have subject matter jurisdiction over the Plaintiffs' Texas Whistleblower Act cause of action.

The City correctly argues that the Plaintiffs' 42 U.S.C. § 1983 causes of action must be dismissed because they question the validity of a criminal judgment and the Plaintiffs have not alleged that the judgment has been reversed, expunged, or questioned through a writ of habeas corpus. "[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Randell v. Johnson, 227 F.3d 300, 301-02 (5th Cir. 2000); Krueger v. Reimer, 66 F.3d 75, 76 (5th Cir. 1995). The Plaintiffs allege in their complaint that "[t]he Harlingen Police Officers Association was assessed a fine of $3,000.00 and court costs, and as part of the plea and criminal judgment, the unindicted Plaintiffs Dennis Zamarron and Joe Rubio, Jr. were compelled by the Defendant County of Cameron to resign and terminated [sic] their employment rights with the Defendant City of Harlingen Police Department as part of the plea of guilty" [Dkt. No. 1, ¶ 21]. The Plaintiffs' complaint does not allege that the criminal judgment has been declared invalid

by a state court or through a federal writ of habeas corpus, and, consequently, the Plaintiffs' complaint does not state a claim under 42 U.S.C. § 1983.[1]

The City argues that the Plaintiffs' state law whistleblower cause of action fails because the Plaintiffs do not allege that the City caused their resignations. Before addressing the City's argument on the merits, this Court has a duty to *sua sponte* determine whether it has subject matter jurisdiction over the Plaintiffs' whistleblower claim. See Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000). The Court finds that it does not have subject matter jurisdiction because the Plaintiffs' whistleblower claims are barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine holds that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." Weekly, 204 F.3d at 615 (citing Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.1994) (citations omitted)). See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983); In re Lease Oil Antitrust Litigation (No. II), 200 F.3d 317, 319 (5th Cir. 2000); Davis v. Bayless, 70 F.3d 367, 375-76 (5th Cir. 1995); Gauthier v. Continental Diving Services, Inc., 831 F.2d 559, 561 (5th Cir. 1987). The Rooker-Feldman doctrine applies both to direct collateral attacks on state court judgments and indirect attacks that are inextricably intertwined with a state court judgment. An indirect attack is barred "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987). For this Court to decide the merits of the Plaintiffs' whistleblower claim, it would have to decide whether the Plaintiffs' alleged whistleblowing caused their termination. That inquiry would require the Court to determine whether the criminal judgment that resulted from the plea

---

[1] The Court dismissed the Plaintiffs' claims against the County in Section III of this order because the Plaintiffs' complaint does not allege acts that can be attributed to the County. The County also argues in its motion to dismiss that it cannot be held liable under 42 U.S.C. § 1983 because the Plaintiffs' complaint constitutes a collateral attack on a state court conviction. This argument provides a separate and additional ground for dismissing the Plaintiffs' causes of action against the County.

bargain, as alleged by the Plaintiffs in paragraph twenty-one of their complaint, is valid. See City of Fort Worth v. Zimlich, 29 S.W.3d 62, 67-68 (Tex. 2000) ("To show causation, a public employee must demonstrate that after he or she reported a violation of the law in good faith to an appropriate law enforcement authority, the employee suffered discriminatory conduct by his or her employer that would not have occurred when it did if the employee had not reported the illegal conduct."); Texas Dept. of Criminal Justice v. Terrell, 925 S.W.2d 44, 60 (Tex.App.-Tyler 1995). The Rooker-Feldman doctrine divests this Court of jurisdiction to make those rulings.

Even if the Court did have jurisdiction over the Plaintiffs' whistleblower claim, it would fail on the merits. The Plaintiffs must plead the following elements to state a claim under the Texas Whistleblower Act: (1) they are public employees; (2) who acted in good faith in making a report; (3) of a violation of law; (4) to an appropriate law enforcement authority; and (5) they suffered retaliation as a result of making the report. See Tex. Gov't Code § 554.002. The City correctly argues that the Plaintiffs' complaint does not contain allegations that satisfy the last element of a whistleblower claim. The Plaintiffs state in the facts section of their complaint that they "were compelled by the Defendant County of Cameron to resign and terminated [sic] their employment rights with the Defendant City of Harlingen Police Department as part of the plea of guilty" [Dkt. No. 1, ¶ 21]. Later in the complaint, the Plaintiffs allege that "because of their reporting in good faith to the Federal Bureau of Investigation of the violation of laws on the part of Defendant City of Harlingen, regarding the circumstances of assault weapons used in the murders, that the Defendant City of Harlingen retaliated against the Plaintiffs for such reporting and had their protected employment status terminated by and through the efforts of Defendant County of Cameron's criminal indictment against the Police Officers Association in that they were compelled to resign and terminated their employment by Co-Defendant County of Cameron's threats of indictment for allegedly violating the election law" [Dkt. No. 1, ¶ 29]. Assuming the City played some role in inducing the plea agreement and criminal judgment that required the Plaintiffs to resign from their positions as police officers, the Plaintiffs have pled no facts to indicate, nor have they alleged, that the District Attorney, grand jury, and the judge who presided over the criminal case did not exercise independent judgment in

7

prosecuting or adjudicating the case. Moreover, the Plaintiffs have not alleged that their actions did not constitute a violation of the Texas Election Code. As such, the Plaintiffs have failed to plead a cause of action under the Texas Whistleblower Act.

## V. **Conclusion**

In summary, the Plaintiffs' complaint fails to state a cause of action against Cameron County or the City of Harlingen based on 42 U.S.C. § 1983 and the Court does not have subject matter jurisdiction over the Plaintiffs' Texas Whistleblower Act claim against the City of Harlingen. The Court has dismissed all of the Plaintiffs' causes of action through this order, and will enter a separate order entering a final judgment in this case. The initial pretrial conference set for April 16, 2001 is cancelled.

DONE at Brownsville, Texas, this 13 day of March 2001.

Hilda G. Tagle
United States District Judge


prosecuting or adjudicating the case. Moreover, the Plaintiffs have not alleged that their actions did not constitute a violation of the Texas Election Code. As such, the Plaintiffs have failed to plead a cause of action under the Texas Whistleblower Act.

## V. **Conclusion**

In summary, the Plaintiffs' complaint fails to state a cause of action against Cameron County or the City of Harlingen based on 42 U.S.C. § 1983 and the Court does not have subject matter jurisdiction over the Plaintiffs' Texas Whistleblower Act claim against the City of Harlingen. The Court has dismissed all of the Plaintiffs' causes of action through this order, and will enter a separate order entering a final judgment in this case. The initial pretrial conference set for April 16, 2001 is cancelled.

DONE at Brownsville, Texas, this 13 day of March 2001.

Hilda G. Tagle
United States District Judge